Matter of Wesco Ins. Co. v Government Employees Ins. Co. (2022 NY Slip Op 06936)

Matter of Wesco Ins. Co. v Government Employees Ins. Co.

2022 NY Slip Op 06936

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-03875
 (Index No. 611469/19)

[*1]In the Matter of Wesco Insurance Company, appellant, 
v
Government Employees Insurance Company, etc., respondent.

McDonnell Adels & Klestzick, PLLC, Garden City, NY (Jannine A. Gardineer of counsel), for appellant.
Harriette G. Zelman (Scahill Law Group, P.C., Bethpage, NY [David J. Tetlak], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated May 23, 2019, the petitioner appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered May 7, 2020. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
In May 2017, nonparty Eric Rhodes was injured when he was involved in a motor vehicle collision while operating a loaner vehicle owned by nonparty Staluppi Group of Dealerships and insured by Wesco Insurance Company (hereinafter Wesco). Government Employees Insurance Company (hereinafter GEICO) paid no-fault benefits to Rhodes for his injuries pursuant to an automobile liability policy issued to him. GEICO thereafter sought to recover the benefits paid to Rhodes from Wesco in a compulsory arbitration proceeding. In an arbitration award dated May 23, 2019, the arbitrator determined that Wesco, as insurer of the loaner vehicle operated by Rhodes, was liable for the benefits paid to Rhodes.
In August 2019, Wesco commenced this proceeding to vacate the arbitration award. The Supreme Court denied the petition and, in effect, dismissed the proceeding. Wesco appeals.
For the reasons set forth in Matter of Wesco Insurance Co. v GEICO Indemnity Co. ( _____ AD3d _____ [Appellate Division Docket No. 2020-00642; decided herewith]), the Supreme Court properly denied the petition to vacate the arbitration award and, in effect, dismissed the proceeding.
CONNOLLY, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court